TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

------------------------------
                                   :
          OPINION                  :
                                   :
             of                    :
                                   :
JOHN K. VAN DE KAMP    :        No. 87-702
   Attorney General            :
                                   :        MARCH 31, 1988
RODNEY O. LILYQUIST    :
Deputy Attorney General    :
                                   :
------------------------------------------------------------------


THE HONORABLE JOHN VASCONCELLOS, MEMBER, CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

Does state law require public buildings to contain assistive listening systems for use by hearing-impaired persons?

CONCLUSION

State law does not now require public buildings to contain assistive listening systems for use by hearing impaired persons but does authorize the State Architect to promulgate regulations which would require assistive listening systems in new public buildings and those to which alteration, repairs or additions are to be made.

ANALYSIS

The term "assistive listening system" refers to a type of sound reinforcement equipment that allows a person with a severe hearing impairment to hear what is being spoken into a microphone normally used in a large room or auditorium. Such a system eliminates the acoustical space between the sound source and the listener, thereby avoiding background noise while amplifying the desired sound for the individual. The most common system transmits an FM broadcast frequency which the listener receives on an individual receiver.

The question presented for analysis is whether state law requires public buildings to contain assistive listening systems for use by hearing-impaired persons. We conclude that such systems are not presently required under state law.

In 1984 the Legislature found "that over 1.5 million persons in California are deaf or suffer from significant hearing impairment." (Unemp. Ins. Code, § 11000; Stats. 1984, ch. 1157, § 1; see Welf. & Inst. Code, § 10620.) Without calculating precise figures, it is apparent that a number of Californians would benefit from the installation of assistive listening systems in public buildings.

Beginning in 1968 the Legislature enacted several statutory schemes designed to grant disabled persons "the same right as the able-bodied to the full and free use of . . . public places." (Civ. Code, § 54; see City and County of San Francisco v. Grant Co. (1986) 181 Cal.App.3d 1085, 1089-1090; Martin v. City of Los Angeles (1984) 162 Cal.App.3d 559, 561-562; People ex rel. Deukmejian v. CHE, Inc. (1983) 150 Cal.App.3d 123, 131-132; Marsh v. Edwards Theatres Circuit, Inc. (1976) 64 Cal.App.3d 881, 886-887.) As the Supreme Court noted in In re Marriage of Carney (1979) 24 Cal.3d 725, 740, these various statutes "pursue the commendable goal of total integration of handicapped persons into the mainstream of society . . . ."

Unlike other statutory schemes in which the Legislature has defined "physically disabled persons" or "handicapped persons" with some particularity (see, e.g., Bus. & Prof. Code, § 125.6; Ed. Code, § 78600; Gov. Code, §§ 12926, 19231, 19702; Health & Saf. Code, §§ 250.5, 50072, 50685; Ins. Code, § 11628.5; Pen. Code, § 1203.09; Pub. Util. Code, § 99206.5, Rev. & Tax. Code, § 17262; Veh. Code, § 22511.5; Welf. & Inst. Code, § 19151.), the statutes dealing with the access and use of public buildings by disabled persons do not clearly define the group of persons coming within their scope.

The principal statutory scheme regarding access to and use of public buildings by disabled persons is Government Code sections 4450-4458.[1] Section 4450 states:

"It is the purpose of this chapter to insure that all buildings, structures, sidewalks, curbs, and related facilities, constructed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by the physically handicapped. The State Architect shall adopt and submit proposed building standards for approval pursuant to Chapter 4 (commencing with Section 18935) of Part 2.5 of Division 13 of the Health and Safety Code and shall adopt other regulations for making buildings, structures, sidewalks, curbs, and related facilities accessible to and

---

[1]All references hereafter to the Government Code are by section number only.

usable by the physically handicapped. The regulations and building standards relating to access for the physically handicapped shall be consistent with the standards for buildings and structures which are contained in pertinent provisions of the latest edition of the Uniform Building Code, as adopted by the International Conference of Building Officials, and such regulations and building standards shall contain such additional requirements relating to buildings, structures, sidewalks, curbs, and other related facilities as the State Architect determines are necessary to assure access and usability for the physically handicapped. In developing and revising such additional requirements, the State Architect shall consult with the State Department of Rehabilitation, the League of California Cities, the County Supervisors Association of California, and at least one private organization representing and comprised of physically handicapped persons."

Not all public buildings constructed with public funds are subject to this legislative scheme. Generally, the requirements for access and use are applicable only to "buildings and facilities stated in Section 4450 intended for use by the public, which have any reasonable availability to, or usage by, physically handicapped persons." (§ 4451, subd. (a).) Physical changes in existing buildings are not required by this statutory scheme, only new construction and alterations, structural repairs or additions to existing buildings made after November 13, 1968 come within the scope of the legislation. (§ 4456; Martin v. City of Los Angeles, supra, 162 Cal.App.3d 559, 564, fn. 1; Marsh v. Edwards Theatres Circuit, Inc. supra, 64 Cal.App.3d 881, 888.)

In 59 Ops.Cal.Atty.Gen. 324 (1976) we concluded that a person with a hearing impairment was a "physically handicapped" person as that term was used in section 4450. (Id. at p. 328.) We stated:

" . . . pursuant to Government Code section 4450 the State Architect has the authority to adopt standards for making publicly funded buildings, structures, curbs, sidewalks and related facilities accessible to and usable by all physically handicapped persons, including those with visual or auditory handicaps, . . ." (Ibid.)

We reaffirm our prior conclusion; it effectuates the evident intent of the Legislature and is supported by recent case authority. (See §§ 12940, 19702; Bus. & Prof. Code, § 125.6; Ins. Code, § 11628.5; Cal. Code of Regs., tit. 22, §§ 98250, 98253; People ex rel. Deukmejian v. CHE, Inc., supra, 150 Cal.App.3d 123, 133-135; Marsh v. Edwards Theatres, Circuit Inc., supra, 64 Cal.Ap.3d 881, 887-890; Webster's New Internat. Dict. (3d ed. 1967) pp. 642, 1027.)

Returning, then, to section 4450, we find that it specifies the adoption of two different types of access and use regulations by the State Architect -- those that are "building

standards" and those that are not. The basic definition of a "building standard" is contained in Health and Safety Code section 18909, subdivision (a):

> "'Building standard' means any rule, regulation, order, or other requirement, including any amendment or repeal of such a requirement, which specifically regulates, requires, or forbids the method of use, properties, performance, or types of materials used in the construction, alteration, improvement, repair, or rehabilitation of a building, structure, factory-built housing, or other improvement to real property, including fixtures therein, and as determined by the commission."

For these purposes, "building" is defined to include appliances and equipment installed as part of the building:

> "All appendages, accessories, apparatus, appliances, and equipment installed as a part of building or structure shall be deemed to be a part thereof."
> (Health & Saf. Code, § 18908, subd. (c).)

Specifications for sound reinforcement equipment installed as part of a building that require certain materials or performance characteristics would appear to be a "building standard" as defined in Health and Safety Code section 18909.

> We need not resolve, however, whether a regulation requiring an assistive listening system in a public building would or would not be a "building standard." In either event, subdivision (d) of section 4451 provides:

> "Until building standards are published in the State Building Standards Code and other regulations are adopted by the State Architect pursuant to Section 4450, buildings, structures, sidewalks, curbs, and related facilities subject to the provisions of this chapter or Part 5.5 (commencing with Section 199955) of Division 13 of the Health and Safety Code shall conform to the American Standards Association Specifications A117.1/1961."[2]

---

[2]Health and Safety Code sections 19955-19959 require that "public accommodations or facilities constructed in this state with private funds [shall] adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." (Health & Saf. Code, § 19955, subd. (a); see People ex rel. Deukmejian v. CHE, Inc., supra, 150 Cal.App.3d 123, 132-136.) The facilities subject to this legislation are described with some particularity (Health & Saf. Code, §§ 19955-19956.5), with the requirements applicable only with respect to the construction of new facilities or the repair and alteration of existing facilities (Health & Saf. Code, § 19959; Marsh v. Edwards Theatres Circuit, Inc., supra, 64 Cal.App.3d

The State Building Standards Code (Cal. Code of Regs., tit. 24) does not contain a requirement for assistive listening systems in public buildings.  The State Architect has not adopted regulations pursuant to section 4450, whether building standards or otherwise, requiring assistive listening systems in public buildings.  It is true, however, that the American Standards Association Specifications A117.1/1986 state in part:

> "4.31.1 **General**.  Auditorium and assembly areas shall comply with 4.31.  Such areas with audio-amplification systems shall have a listening system complying with 4.31.6 and 4.31.7 to assist persons with severe hearing loss in listening to audio presentations.
>
> "  . . . . . . . . . . . . . . . . . . .
>
> "4.31.6  **Placement of Listening Systems.**  If the listening system provided serves individual fixed seats, then such seats shall be located within a 50-ft. (15-m) viewing distance of the stage or playing area and shall have complete view of the stage or playing area.
>
> 4.31.7  **Types of Listening Systems.**  Induction loops, infrared systems, hard-wired earphones, and other equivalent devices are among the acceptable types of listening systems."

Consistent with these American Standard Association Specifications are requirements for assistive listening systems in federal buildings.  (See 42 U.S.C. §§ 4151-4157; 49 Fed. Reg. 31528 (Aug. 7. 1984).)  4.1.2 of the Uniform Federal Accessibility Standards provides:

> "Assembly areas with audio-amplification systems shall have a listening system complying with 4.33 to assist a reasonable number of people, but no fewer than two, with severe hearing loss.  For assembly areas without amplification systems and for spaces used primarily as meeting and conference rooms, a permanently installed or portable listening system shall be provided.  If portable

---

881, 888).  The legislation has a hardship exception contained in Health and Safety Code section 19957:

> "In cases of practical difficulty, unnecessary hardship, or extreme differences, a building department responsible for the enforcement of this part may grant exceptions from the literal requirements of the standards and specifications required by this part or permit the use of other methods or materials, but only when it is clearly evident that equivalent facilitation and protection are thereby secured."

systems are used for conference or meeting rooms, the system may serve more than one room."

Section 4451, however, does not refer to the current American Standard Association Specifications or federal building standards. Rather, it refers to the American Standard Association Specifications of 1961. Those standards of 27 years ago did not contain requirements for assistive listening systems in auditoriums or assembly areas. Under state law (§4451, subd. (d)), therefore, assistive listening systems are not presently required in public buildings.

We note that the State Architect has proposed regulations pursuant to section 4450 that would require assistive listening systems in public buildings. That is one method prescribed in section 4451 for the "updating" of the 1961 American Standard Association Specifications. These proposed regulations are subject to extensive administrative review, including the holding of public hearings. (§ 11346.8; Health & Saf. Code, § 18935.) Building standards are reviewed by the State Building Standards Commission (see §§ 11343, 11356; Health & Saf. Code, §§ 18912, 18920, 18931) based upon the following criteria:

"(1) The proposed building standard does not conflict with, overlap, or duplicate other building standards.

"(2) The proposed building standard is within the parameters established by enabling legislation and is not expressly within the exclusive jurisdiction of another agency.

"(3) The public interest requires the adoption of the building standards.

"(4) The proposed building standard is not unreasonable, arbitrary, unfair, or capricious, in whole or in part.

"(5) The cost to the public is reasonable based on the overall benefit to be derived from the building standards.

"(6) The proposed building standard is not unnecessarily ambiguous or vague, in whole or in part.

"(7) The applicable national specifications, published standards, and model codes have been incorporated therein as provided in this part, where appropriate." (Health & Saf. Code, § 18930, subd. (a).)

For proposed regulations of the State Architect that are not building standards, review is required by the Office of Administrative Law with respect to:

"(1)  Necessity.

"(2)  Authority.

"(3)  Clarity.

"(4)  Consistency.

"(5)  Reference.

"(6)  Nonduplication."  (§ 11349.1, subd. (a).)

Understandably, the administrative process is a lengthy one, and we have not been asked to consider or comment upon the State Architect's proposed regulations.

The Legislature has placed responsibility with the State Architect to determine how public buildings are to be constructed so that physically disabled persons, including those with a hearing impairment, may make use of the buildings.  Several alternatives exist for assisting persons who have a significant hearing impairment.   Which method is best under what circumstances has not been finally determined by the State Architect for public buildings.  While certain national standards have recently incorporated assistive listening systems into their specifications, California law has not as yet done so.

Finally, we believe that five other statutes require brief mention.  Section 11135 prohibits discrimination on the basis of physical disability, among other things, in any program funded by the state.  Sections 54950 and 54953 in the Ralph M. Brown Act provide that all meetings of the legislative bodies of local agencies shall be open and public so the people can be informed of the actions of their public servants.  Civil Code section 51, the Unruh Civil Rights Act, declares that all persons in this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, blindness or other physical disability are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind.[3]  Civil Code section 54 declares that physically handicapped

---

[3]The last two paragraphs of Civil Code section 51 provide:

"Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever to any new or existing establishment, facility, building, improvement, or any other structure, or to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other provisions of the law.

persons have full and equal access, as other members of the general public to public transportation and places to which the general public is invited.

These statutes may be interpreted in harmony with sections 4450-4458. (See Martin v. City of Los Angeles, supra, 162 Cal.App.3d 559, 563-565; Deukmejian v. CHE, Inc., supra, 150 Cal.App.3d 123, 135; Marsh v. Edwards Theatres Circuit, Inc., supra, 64 Cal.App.3d 881, 886-888; People v. Levinson (1984) 155 Cal.App.3d Supp. 13, 17-19; Greater Los Angeles Council of Deafness v. Zolin (C.D. Ca. 1984) 60 F. Supp. 175, 182.) They are also more general in nature and would be controlled by the specific directives of sections 4450-4458 with respect to whether assistive listening systems are presently required in public buildings. (See Estate of Banerjee (1978) 21 Cal.3d 527, 540; Romack Iron Works v. Prudential Ins. Co. (1980) 104 Cal.App.3d 767, 776.)

In answer to the question presented, therefore, we conclude that state law presently does not require public buildings to contain assistive listening systems for use by hearing impaired persons but does authorize the State Architect to promulgate regulations which would require assistive listening systems in new public buildings and those to which alterations, repairs or additions are to be made.

\* \* \* \* \*

---

"Nothing in this section shall require any person renting, leasing, or otherwise providing real property for compensation to modify his or her property in any way, or to provide a higher degree of care for a blind or other physically disabled person than for a person who is not physically disabled."